United States District Court
Southern District of Texas
ENTERED
July 13, 2026
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Delio Lopez Leon, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-2447 |
| | § | |
| Markwayne Mullin,[1] *et al.*, | § | |
| | § | |
| Respondents. | § | |

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Delio Lopez Leon is a native and citizen of Cuba who concedes that he unlawfully entered the United States in 2022. Docs. 8 at 2, 9 at 2. On January 10, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b), and he remains in the custody of the Warden of the Houston Contract Detention Facility. Docs. 1 ¶ 17, 8 at 2. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) substantive due process and (ii) procedural due process.

Now before the Court is Respondents' Motion for Summary Judgment, Doc. 8,

---

[1] The Petition names Kristi Noem in her official capacity as Secretary of the United States Department of Homeland Security and Pamela Bondi in her official capacity as United States Attorney General. Doc. 1 at 5. Markwayne Mullin is automatically substituted as a Respondent in this action in his official capacity as the Secretary of the United States Department of Homeland Security, and Todd Blanche is automatically substituted as a Respondent in this action in his official capacity as the Acting United States Attorney General. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to terminate Kristi Noem and Pamela Bondi and substitute Markwayne Mullin and Todd Blanche on the docket sheet.

to which Petitioner has responded in opposition, Doc. 9. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention during his removal proceedings. *See* Doc. 8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, No. 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondents' Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. A final judgment will be entered separately.

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 13th of July, 2026.

Nicholas J. Ganjei
United States District Judge